FILED
SUPERIOR COURT
OF GUAM

2022 MAY 26 PM 2:22

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>**DESMOND SAMUO aka Desmon Meno Samuo aka Samuo Desmon Meno aka Timeno Meno Sam aka Tim Lesso aka Tiim Lesso**,<br><br>Defendant. | **CRIMINAL CASE NO. CF0244-22**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 26, 2022, for hearing on Defendant **DESMOND SAMUO aka Desmon Meno Samuo aka Samuo Desmon Meno aka Timeno Meno Sam aka Tim Lesso aka Tiim Lesso** ("Defendant") Motion and Application for Bail Redetermination and Release ("Motion for Bail Redetermination"). Present remotely via Zoom were Assistant Attorney General Dannis Le on behalf of the People of Guam ("the Government") and counsel for Defendant, Samuel Teker. Defendant was present in person. In accordance with its ruling from the bench on May 26, 2022, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On April 26, 2022, Defendant was indicted with the following charges: (1) Burglary to a Motor Vehicle (As a Second Degree Felony); (2) Theft of Property (As a Second Degree Felony); and (3) Resisting Arrest (As a Misdemeanor) – 2 Counts. (Indictment, Apr. 26, 2022).

*People v. Samuo*
Case No. CF0244-22
Decision and Order

These charges stem from allegations of events occurring on March 27, 2022, April 16, 2022, and April 17, 2022. *See* Decl. of Matthew M. Schuck, Magistrate's Compl., Apr. 18, 2022. On March 27, 2022, GPD responded to a complaint of Burglary to a Motor Vehicle after being notified that a white 2015 Toyota Tacoma was rummaged through and a Fluke Megohmmeter, a Brother Handheld Industrial Labeler, and a set for Klein toolboxes including tools (combined value of $5,800.00) were missing. *Id.* Upon review of a dash camera facing the front of the vehicle and a surveillance camera facing the vehicle, GPD was able to observe a male individual exit a red Toyota Corolla, enter the rear passenger door and remove two toolboxes before leaving. *Id.* On April 3, 2022, GPD Officers pulled over the Corolla, and the driver admitted he drove Defendant to the burglary on March 27, 2022. *Id.* A couple weeks later, on April 16, 2022, the Corolla was located at a Shell Gas Station on Route 16 with a fraudulent license plate. *Id.* Defendant resisted arrest and fought with two GPD officers. *Id.* Defendant eventually pulled away and escaped, and was pursued before he ran into the jungle. *Id.* Later that night (April 17, 2022 at approximately 12:29 a.m.), the Corolla was located in the parking lot of an apartment in Tamuning. *Id.* Defendant exited the front passenger door and ran from GPD Officers. *Id.* Defendant ignored GPD's directions to stop and climbed over a residential fence. *Id.* Defendant was tased and fell to the ground and then stood up and moved away. *Id.* Defendant was ordered to get on the ground, to which he replied "something to the effect of 'Fuck that!' before he was tased a second time, tackled, and arrested." *Id.* Defendant remains confined pending the posting of $5,000 cash bail. *See* Commitment Order, Apr. 20, 2022.

On May 24, 2022, Defendant filed the instant Motion. The Government did not file an opposition but opposed the Motion orally at the May 26, 2022 hearing.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the ten thousand dollars ($10,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Dec. 13, 2021.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available

information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)     length of his/her residence on Guam;

    (ii)     his/her employment status and history, and financial condition;

    (iii)     his/her family ties and relationships;

    (iv)     his/her reputation, character and mental and physical condition;

    (v)     his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)     his/her history relating to drug or alcohol abuse;

    (vii)     the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii)     whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)     his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a U.S. Citizen; has lived on Guam for the past twenty-three (23) years; was previously employed; and has a large family living on Guam, including four minor children. (Mot. Bail Redetermination at 3, May 24, 2022). Defendant acknowledges that he has a history of alcohol abuse, that he has a poor record compliance with court orders on release, that he was on pre-trial release in CF0621-11 at the time of the alleged offenses in the instant matter, and that he has a substantial criminal history. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with the safety of the community and Defendant's ability to follow court orders. Although some of the charges against Defendant are property crimes, he is also charged with two counts of Resisting Arrest (As a Misdemeanor). Defendant is alleged to have run away from the police on two

different occasions and refused to cooperate. *See* Decl. of Matthew Schuck, Magistrate's Compl., Apr. 18, 2022. Defendant had to be tased twice and tackled before officers were able to arrest him. *Id.* Defendant further admits in his Motion that he does not have a good track record with complying with court orders and that he was on pre-trial release in another criminal matter at the time of these alleged offenses. *See* Mot. Bail Redetermination at 3, May 24, 2022. The Court is not convinced that Defendant will follow any and all conditions of release imposed, should he be released on personal recognizance alone.

Thus, upon the Court's review, Defendant's release on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Status Hearing is set for **July 11, 2022** at **11:30 a.m.** via Zoom.

**IT IS SO ORDERED,** this 26th day of May, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Samuo*
Case No. CF0244-22
Decision and Order